UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Kathy L. Frederick,

**Hon. Hugh B. Scott**

11CV579A

v.

**Report &
Recommendation**

Buffalo Academy of the Visual
and Performing Arts,
                              Defendants.

The plaintiff commenced this action alleging that she was discriminated against based upon her race in violation of Title VII of the Civil Rights Act of 1964. As the basis of her claim, the plaintiff alleges that she was assaulted by a student, but the student was not suspended. She claims that when students assault a white teacher, the student is suspended.  She also claims that she had asked for more equipment in her classroom, but received no response from the defendants. (Docket No. 1).

The Court has set this matter down for a scheduling conference on several occasions. Initially, the scheduling conference was set for October 19, 2011. (Docket No. 6). Because the plaintiff requested an adjournment, the conference was re-scheduled for December 9, 2011. (Docket Nos. 10 and 11). ***The plaintiff failed to appear or otherwise contact the Court with respect to the December 9, 2011 conference***.  Thus, the conference was rescheduled for December 21, 2011.  ***Once again, the plaintiff failed to appear or otherwise contact the Court with respect to the conference***.

The case was again set for a conference on June 15, 2012.  The plaintiff was advised that if she failed to appear, it may result in a recommendation that the case should be dismissed for failure to prosecute.  It does not appear that the plaintiff appeared on that date, however, due to a question as to whether the case was placed on the Court's calendar, the case was not called on June 15, 2012. Thus, the plaintiff was provided yet another opportunity to demonstrate an intention to prosecute this case when the scheduling conference was re-set for June 26, 2012. The plaintiff was again advised that if she failed to appear as directed it would result in a recommendation that the complaint in this case be dismissed based upon a failure to prosecute. ***The plaintiff again failed to appear or otherwise contact the Court with respect to the June 26, 2012 conference***.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss a case based upon the plaintiff's failure to prosecute. Rule 41(b) provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001) (internal quotation marks and citation omitted). However, in this case, despite being advised on several occasions of the need to appear at a conference, the plaintiff failed to appear or to contact the Court in any way.  The plaintiff has failed to appear for at least three straight conferences and has not contacted the Court with respect to this matter since asking for an adjournment on

October 12, 2011.  The plaintiff has not demonstrated any intention of continuing to prosecute this case.  Based on the above, it is recommended that the Complaint be dismissed with prejudice pursuant to Rule 41.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

3

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 6, 2012